**Affirmed in Part and Reversed and Remanded in Part and an Opinion by Each Member of the Panel filed November 27, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01055-CV

---

**FELICITA DEL CARMEN CANAS AS NEXT FRIEND OF YENIFER ESTEFANI CANAS ESCOBAR, JAVIER ENRIQUE CANAS ESCOBAR AND BEATRIZ ABIGAIL DEL CARMEN CANAS, MINORS, Appellant**

**V.**

**CENTERPOINT ENERGY RESOURCES CORP., Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-08170**

---

## CONCURRING AND DISSENTING OPINION

I am unable to join either of the other two opinions in their entirety. I write separately for the following reasons.

**Limitations of CenterPoint's Summary-Judgment Motion**. CenterPoint filed a hybrid motion for summary judgment, but the only ground on which it

urged a no-evidence point was that the Canas Parties "have offered no evidence that CenterPoint had actual knowledge of any dangerous condition" on the property prior to the fire. My colleagues seem to hold that CenterPoint moved for both traditional and no-evidence summary judgment on all claims, but I respectfully disagree. I would hold that "knowledge of any dangerous condition" is the only element of a cause of action challenged in the no-evidence portion of the summary-judgment motion that the Canas Parties were required to rebut.[1]

My colleagues broadly construe CenterPoint's motion for summary judgment as encompassing theories pled by the Plaintiff, but not mentioned in the motion (odorant fade). I respectfully disagree. Even if the motion encompassed the odorant fade theory, however, CenterPoint was required to bring forth evidence to show the claim is conclusively proved under the filed-rate doctrine or common law, which it did not do. Although CenterPoint argues in its appellate brief that its motion for summary judgment fully addressed the Canas Parties' "failure to warn of odor fade theory," to the contrary, CenterPoint did not address odorant fade in its motion. I would reverse the summary judgment as to the failure to warn of odorant fade theory under negligence, strict liability and negligence per se.[2]

**Tariff, as Reformed, Is Reasonable**. I agree that *Southwestern Electric Power Co. v. Grant*, 73 S.W.3d 211, 216 (Tex. 2002), defines the current outer

---

[1] Moreover, "knowledge of any dangerous condition" is an element of a premises liability claim, while the Canas Parties pled a strict liability claim. A plaintiff alleging negligence by a supplier of chattel must show the supplier "[knew] or ha[d] reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied." *See Bean v. Baxter Healthcare Corp.*, 965 S.W.2d 656, 661 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see also Occidental Permian Ltd. v. Helen Jones Found.*, 333 S.W.3d 392, 410 (Tex. App.—Amarillo 2011, pet. denied) (acknowledging gas becomes personal property once severed from realty). The Canas Parties presented evidence that CenterPoint had been aware of the problem of odorant fade for more than ten years. Thus, the Canas Parties presented evidence on that issue.

[2] In reversing the summary judgment as to any claims, I do not comment on or address the merits of these claims.

limits for a "reasonable" tariff provision limiting a utility's personal-injury liability: the provision must be narrowly drawn and provide a remedy for the utility's gross negligence or willful misconduct. I respectfully disagree with Chief Justice Frost that the tariff "is reasonable and enforceable regardless of whether it covers claims based on gross negligence and willful misconduct." I join Justice Christopher's reasoning in Section A of her opinion. To the extent the tariff at issue is silent as to gross negligence and willful misconduct, I would reform it to permit claims for those causes of action. I would hold that the tariff, as reformed, is reasonable, overruling the Canas Parties' issues No. 4 and 5.

Therefore, I would conclude that CenterPoint has no liability for acts of negligence precluded by paragraphs 14 (escaping gas) or 17 of the tariff, under the plain language of the tariff. The plain language of paragraph 17 excludes, in relevant part:

1. any other loss or damage *not caused by the Company's negligence* arising out of or incident to the furnishing of gas to any Consumer; and

2. any damage or injury resulting from gas or its use *after* such gas leaves the *point of delivery*. (Emphases added).

**Not the Sole Cause**. I agree that CenterPoint is not liable under the tariff for leaking pipes on the customer's property, but I agree with Justice Christopher that "no one contends that the leak was the sole cause of the decedent's injuries." *See University of Texas M.D. v. Baker*, 401 S.W.3d 246, 256 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) (acknowledging there may be more than one proximate cause of an injury).[3] This point undergirds the Canas Parties' other arguments as well, including their allegation that "another cause of the injury was

---

[3] Justice Christopher discusses this point under her gross negligence analysis.

3

the failure to adequately odorize the gas or to adequately warn of odorant fade [allegedly] result[ing] in the decedent's failure to detect the presence of gas in time to escape."

**After the Point of Delivery and Negligence, Strict Liability, Negligence *Per Se* and Misrepresentation.** I agree with both of my colleagues that, to the extent claims were made by the Canas Parties alleging acts of negligence, strict liability or negligence *per se*[4] occurring after the Point of Delivery, as defined in the tariff, the claims would be barred and summary judgment would be proper.[5] However, to the extent claims were made by the Canas Parties alleging CenterPoint acted negligently, failed to warn or violated statutes *before* the Point of Delivery (or were silent as to where or when they occurred), those claims are not barred by the tariff, and summary judgment on those grounds should be reversed. CenterPoint had the burden to bring forth evidence that the allegedly negligent act occurred after the Point of Delivery under traditional summary judgment standards,[6] which it did not do. I agree with Chief Justice Frost that the negligent-misrepresentation claim was improper. I join both my colleagues in concluding that summary judgment as to intentional misrepresentation was improper.

**Negligence *Per Se*.** I would find it error to grant summary judgment as to the negligence *per se* claims. CenterPoint did not conclusively prove the tariff does not conflict with the state and federal statutes alleged to have been violated and, under traditional summary-judgment standards, it had the burden to do so.

---

[4] It is unclear whether the tariff rule cited by Chief Justice Frost in Part IV.A. of her opinion would override the Point of Delivery provision.

[5] CenterPoint argues on appeal that odorant fade occurred after the point of delivery; however, this argument was not raised in its motion for summary judgment.

[6] Except as to "knowledge of a dangerous condition," as discussed above.

**Gross Negligence.** I join Justice Christopher's opinion as to Section C in reversing the grant of summary judgment on the gross-negligence claim in whole. As discussed above, I join Justice Christopher's opinion in finding that *Grant* governs the issue of enforceability of the tariff.

/s/    Martha Hill Jamison
Justice

Chief Justice Frost and Justices Christopher and Jamison (Christopher, J. and Jamison, J., each writing a separate opinion).